**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | |
|---|---|
| Anthony Matulewicz,<br>   *Petitioner*<br><br>   v.<br><br><br>United States Citizenship and<br>Immigration Services (USCIS).<br>Alejandro Mayorkas,<br>U.S. Secretary of Homeland Security.<br>Ur M. Jaddou,<br>USCIS Acting Director.<br>   *Respondents* | )<br>)<br>)<br>)<br>)<br>)  Action Civil No. \_\_\_\_\_<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PETITIONER'S COMPLAINT FOR WRIT IN THE
NATURE OF MANDAMUS**

**INTRODUCTION**

1. This is an action for mandamus relief compelling the United States Citizenship and Immigration Services (USCIS) to perform its non-discretionary duty to process and adjudicate the Petitioner's request for historical records in a timely manner. The Genealogy Search Request, case ID: GEN-10277839. Despite multiple requests for expedited processing due to urgent circumstances, the USCIS has failed to act within a reasonable time frame, thus necessitating this Petition for Writ of Mandamus

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1361 (Mandamus Act), which grants district courts original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Petitioner. Additionally, this action arises under the Administrative Procedure Act (APA), 5 U.S.C. §§ 555(b) and 706(1).
3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e), as the Petitioner resides in this district and no real property is involved in this action.

## PARTIES

4. Petitioner, Anthony Matulewicz, a resident of McAllen, TX, has requested a Genealogy Search on behalf of his grandfather, Karol Matulewicz, who was born on January 1, 1880, in Russia now Poland.

5. Respondent, United States Citizenship and Immigration Services (USCIS), an agency of the United States Department of Homeland Security, responsible for administering immigration and naturalization adjudication functions and establishing immigration services policies and priorities.

6. Respondent, Alejandro Mayorkas is sued in his official capacity as the Secretary of the Department of Homeland Security ("DHS"). In this capacity he has responsibility for the administration of the immigration laws pursuant to 6 U.S.C. §251, and routinely does and transacts business in the Southern District of Texas.

7. Respondent, Ur M. Jaddou as the Acting Director is an official of United States Citizenship and Immigration Services (USCIS) generally charged with Supervisory authority over all operations of the USCIS within her District with certain specific exceptions not relevant here. 8 CFR § 103.1(g) (2) (ii)(B). As well be shown, Respondent Acting Director is the official with whom Petitioner's request of the Documents request was submitted.

## CAUSE OF ACTION

8. On May 7, 2024, the Petitioner submitted a formal request for historical records to USCIS. The request was made through the USCIS Genealogy Program's Genealogy Search. Once the petition was done. Petitioner, through USCIS Genealogy e mail, asked if there was any way or reasons to expedite the request. USCIS answered stating that under no circumstances it will consider any requests to expedite the delivery of results. After that, on May 20, 2024, the Petitioner did the same request through its House representative, Monica de la Cruz, receiving the same answer. It should be noted that in both answers USCIS Genealogy stated "*Due to workload factors not related to your case, USCIS anticipates a delay in completing your request. USCIS is committed to providing responses as quickly as possible and gives every requestor full and fair consideration consistent with applicable laws, rules and regulations. We sincerely regret any inconvenience caused by this situation and*

*appreciate your patience as we work diligently to provide the level of service you should expect."*

Petitioner mentions this to show what he believes is the Respondent's attitude towards this issue.

USCIS Genealogy Program's usually involves a two-step process:

The first step is usually to request an index search. This involves providing information about the individual (name, date of birth, etc.).  Then USCIS will research the individual and provide an index number.  This process currently is taking over a year.  Once the index number is received then a record request can be done.  This requires for the researcher or applicant to provide the index number, pay the required fees.  This process is taking roughly a year.  Which means that most individuals will have to wait over two years to receive these records. What petitioner is concerned is that the process of requesting records through USCIS genealogy service does not involve any discretionary decisions.  Also, there are no privacy issues to deal with since most records requested are from individuals that were born more than 100 years ago. There are also no reviewability issues. Basically, is locating a file, retrieving it, coping it and sending it to the requester. Petitioner believes that a time frame of over two years is excessive.

However, if there are any emergencies such as litigation in foreign countries, opportunities for education in a foreign country or simply litigation in the United States there is no way under the current system to request expedited of a case.  It should be noted that other departments of USCIS have established a process to expedite requests.  For some reason USCIS Genealogy does not have such a procedure in place as evidence by their response requesting for advice on the matter.

b. USCIS has inadequately allocated resources to handle the volume of requests in a timely manner.

c. USCIS's communication with requesters is often delayed, and the agency frequently fails to provide substantive updates on the status of requests.

## EXHAUSTION OF REMEDIES

9. Despite the Petitioner's repeated follow-ups and submission of an expedited processing request on June 20, 2024. The delay will be over two years, far beyond what can be considered reasonable.
10. The unreasonable delay has caused significant hardship to the Petitioner, including the inability to pursue business opportunities overseas.

## LEGAL STANDARD

11. Under the Mandamus Act, 28 U.S.C. § 1361, mandamus relief is appropriate when the petitioner has a clear right to the relief sought, the respondent has a clear duty to perform the act in question, and there is no other adequate remedy available.
12. The Administrative Procedure Act, 5 U.S.C. §§ 555(b) and 706(1), requires federal agencies to act within a reasonable time and authorizes courts to compel agency action unlawfully withheld or unreasonably delayed.

## ARGUMENT

13. USCIS has a non-discretionary duty to process requests for historical records in a timely manner. This duty is reinforced by statutory and regulatory requirements governing the prompt handling of such requests.
14. The extended delay in processing the Petitioner's request, even after submitting an expedited processing request, constitutes an unreasonable delay under the Administrative Procedure Act. The delay is not justified by the volume of requests, or any other administrative burden cited by USCIS.
15. The Petitioner has no other adequate remedy at law. Repeated requests and attempts to expedite the process through administrative channels have been ignored or inadequately addressed by USCIS.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

A. Issue a Writ of Mandamus compelling USCIS to immediately process and adjudicate the Petitioner's request for historical records;

B. Award Petitioner reasonable attorney's fees and costs incurred in bringing this action; and

C. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: */s/ Anthony Matulewicz*
Anthony Matulewicz
521 S. Broadway
McAllen, Texas 78501
Phone: (956) 972-0330
Fax: (956) 972- 0353
Federal Bar: 15710